## CHESTER SNOW vs. JOHN B. ALLEY.

Norfolk. November 14, 1889. — January 17, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Written Agreement — Oral Contract — Extrinsic Evidence —
Weight of Evidence.*

In an action for the conversion of certain telegraph bonds, assigned by the plaintiff to the defendant under a written contract, by which the plaintiff and another jointly and severally agreed to assign the bonds to the defendant upon their delivery to them when issued by the company, the plaintiff claimed to recover for half the bonds under an oral agreement with the defendant, that, if the plaintiff should be obliged to assign the whole number of .bonds to the defendant under the written contract, the latter should receive half of them for return to the plaintiff through a third person. *Held*, that the oral contract was distinct from the written contract, and did not control or vary it, and that evidence to prove it was rightly admitted.

At the trial the plaintiff testified to the oral contract, and his testimony was corroborated by that of others, and it was not denied that the contract was proved if he testified truly. The jury returned a verdict for the plaintiff, and the defendant's motion for a new trial was overruled. *Held*, that whether the plaintiff was to be believed was settled conclusively on the motion for a new trial.

TORT for the conversion of Postal Telegraph bonds. After the former decision, reported 144 Mass. 546, the case was tried in the Superior Court, before *Aldrich*, J., who refused to order a verdict for the defendant, and, after a verdict for the plaintiff, overruled a motion made by the defendant for a new trial, and allowed a bill of exceptions which appear in the opinion.

*R. G. Ingersoll* (of New York), ( *G. L. Shorey* with him,) for the defendant.

*G. O. Shattuck & W. A. Munroe*, (*H. P. Harriman & E. C. Bumpus* with them,) for the plaintiff.

W. ALLEN, J. This is an action of tort to recover damages for the conversion of one hundred and fifty bonds of the Postal Telegraph Company, which were assigned to the defendant by the plaintiff, under a written contract, dated May 27, 1882, by which the plaintiff and one Cummings jointly and severally agreed to assign to the defendant the bonds " when the same are delivered under the contract made between Chester Snow and the Postal Telegraph Company." The plaintiff claimed

to recover for all of the bonds on the ground that they were fraudulently obtained from him, and also claimed to recover for seventy-five of the bonds on the ground of a breach of an oral contract. The jury found a verdict for the value of seventy-five bonds, and stated. in reply to a question by the court, that they found on the ground of contract, and not on the ground of fraud. Of the two exceptions taken, one was to the admission of evidence of a demand upon the defendant for one hundred and fifty bonds alleged to have been wrongfully obtained from the plaintiff. If the evidence had been material and incompetent when offered, it was rendered immaterial by the verdict, and the exception seems to have been waived.

The other exception is to the refusal of the court to order a verdict for the defendant upon his motion. The counsel for the defendant, in his elaborate argument, contends that there was no sufficient evidence to prove the contract relied on by the plaintiff, and that there was no evidence of a demand for the bonds. The plaintiff testified to the contract, and he was corroborated by witnesses, and it is not denied that the contract was proved if he testified truly. Whether he was to be believed, so far as it is a question for the court, is a question of the weight and not of the sufficiency of evidence, and is not before this court. It was settled conclusively in the court below on the motion for a new trial.

The next contention is that the oral contract is not competent to control the written contract, under which the stock was assigned, and that the evidence to prove it should be regarded as not before the jury. It might be answered to this, that the evidence was admitted without objection, and that no ruling was asked in regard to it, and no objection taken to the instructions to the jury respecting it. But we think that, if evidence to prove the contract had been objected to, it should have been admitted.

The evidence tended to prove that the plaintiff and Cummings, as representing other parties, each had a contract with the company for several hundred bonds; that the bonds were not issued until nearly a year after the contract; that they each orally agreed with the defendant and one Roberts to assign seventy-five bonds to the defendant for himself and Roberts;

that the defendant drew up the contract of May 27, 1882; that the plaintiff objected to signing it because it was a joint contract, and as he thought there was doubt whether Cummings could obtain his share from the company, the plaintiff might be obliged to lose the whole one hundred and fifty bonds; that it was agreed between the plaintiff, the defendant, Cummings, and Roberts, that, if the plaintiff assigned the one hundred and fifty bonds to the defendant, seventy-five of them should go to Cummings, or, as one witness testified, to Roberts, who would return them to the plaintiff. The written agreement was, that the plaintiff or Cummings, or both, would assign one hundred and fifty bonds to the defendant.

The oral agreement was, that, if the plaintiff assigned the whole one hundred and fifty bonds to the defendant, he should receive seventy five of them for Roberts to assign to the plaintiff. It is immaterial whether it was Roberts or Cummings who was to receive the bonds from the defendant for the plaintiff. The oral agreement is distinct from the written agreement, and does not control or vary it. No exception was taken to the instruction that the jury might find that the beneficial interest in the bonds was in the plaintiff, and that demand and refusal would be evidence of a conversion of them.

The other ground upon which it is contended that the ruling should have been given is, that there was no evidence of a demand and refusal to assign the bonds. The objection is not open on this exception. The court gave instructions in regard to a demand under the contract, and ruled that no demand was necessary if the bonds were fraudulently obtained, and objection to the instruction was withdrawn. We think that there was evidence tending to show a demand and refusal. There was evidence also that the defendant sold the bonds before the demand that was testified to.

*Exceptions overruled.*