JAMES WHITESIDE *vs.* ANNIE G. BRAWLEY.

Bristol.          October 24, 1889. — July 3, 1890.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Rescission — Fraudulent Representations — Election between Counts.*

If an exchange of horses is induced by false and fraudulent representations respecting one of the horses, a second exchange between the same parties of that horse for another, which is also returned as not fulfilling the representations made concerning it, does not, as matter of law, amount to an affirmance of the first exchange.

If a declaration is in two counts, one for false and fraudulent representations in an exchange of horses between the parties, and the other for a conversion of the plaintiff's horse and of money given by him as part of the bargain, and there is evidence at the trial that he avoided the exchange before bringing the action, the plaintiff need not elect between the counts.

A party has no ground of exception to rulings by which he is not injured.

TORT, with a count in contract, against Levi W. Brawley, who died after entry, and his administratrix was summoned in to defend the action. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*T. F. Desmond*, for the defendant.

*E. L. Barney*, for the plaintiff.

HOLMES, J. This is an action with two counts, one for fraudulent representations in an exchange of horses, the other for a conversion of the plaintiff's horse and twenty-five dollars given by the plaintiff as part of the bargain. There was evidence that the plaintiff knew of the defects concerning which the representations were made, but there was also evidence that he relied upon the representations; and, so far as appears, the jury would have been warranted in finding that, notwithstanding what the plaintiff saw and heard, he reasonably surrendered his judgment

to Brawley, the defendant's intestate.   Subsequently the plaintiff went to Brawley with the horse received from him, said he would not have it anyhow, and, after some talk, exchanged it for another horse, which, according to the plaintiff's evidence, Brawley represented to be all sound, and which was not so in fact, as Brawley knew.   The plaintiff returned this horse, and, failing to make any further bargain, brought this action.

At the trial, the judge declined to rule that either the facts or the pleadings necessarily amounted to an election to affirm the sale.   He also declined to require the plaintiff to elect on which count he would go to the jury; but he directed the jury, if their verdict was for the plaintiff, to return upon which count it was found.   The jury found for the plaintiff upon the second count.

With regard to the facts, no doubt, a possible conclusion from the evidence would be, that, when the plaintiff took the second horse, he unconditionally affirmed the original transaction, as of course he would have done had he sold the first horse to a third person after knowledge of the fraud.   But, as he was dealing with the original seller, it was equally possible to infer that the affirmance of the first exchange was only one of the incidents of a second exchange, and that, if the second exchange was also brought about by fraud, and was rescinded on that ground, the affirmance of the first sale fell with it.   Indeed, it was possible even to find that Brawley assented to the rescission, and delivered the second horse technically upon the original consideration.

Next, as to the pleadings.   Of course an action for the breach of a contract goes on the footing of affirming the contract relied on, and therefore is inconsistent with an action going on the footing of rescission.   The same principle applies to an action of tort for deceit in a sale, for if the sale is rescinded, then the fraud has had no consequence, and has caused no damage.   *Kimball* v. *Cunningham*, 4 Mass. 502, 505.   *Stevens* v. *Pierce*, 151 Mass. 207, 209.   *Mallory* v. *Leach*, 35 Vt. 156, 171.   *Bowen* v. *Mandeville*, 95 N. Y. 237, 240.   *Heastings* v. *McGee*, 66 Penn. St. 384, 387.   Of course, too, when a person having a choice of inconsistent remedies has once elected one of them, he cannot afterwards seek the other.   *Butler* v. *Hildreth*, 5 Met. 49, 50.   *Connihan* v. *Thompson*, 111 Mass. 270, 272.   See *Metcalf* v. *Williams*, 144 Mass. 452, 454.   But when a plaintiff joins two independent

counts, neither can be taken to overrule the other, although in fact one of them proceeds upon an affirmance and the other on a disaffirmance of the same bargains.    As the plaintiff takes both positions, he cannot be said have elected.

In *Clapp* v. *Campbell*, 124 Mass. 50, it was intimated that the defendant had a right to require the plaintiff at the trial to elect which count he would rely upon.    In that case the counts were respectively in trover and for money had and received, and it was assumed that the plaintiff's election to affirm or to repudiate the sale constituting the conversion remained open at the time of the trial.    We need not consider what would be the defendant's rights in an action upon two counts like the present if there was no evidence that the plaintiff had elected between his alternative substantive rights before action brought.    See, further, *Mullaly* v. *Austin*, 97 Mass. 30 ;  *Crafts* v. *Belden*, 99 Mass. 535, 538 ; *New Haven & Northampton Co.* v. *Campbell*, 128 Mass. 104, 106.    But in the case at bar there was evidence that the plaintiff had avoided the exchange before he sued, and that seems to have been his contention.    Whether he had done so or not was a question of fact for the jury.    If they found that he had done so, they could find for him only on the second count.    If, on the other hand, they found that he had affirmed the bargain, they could give him a verdict only on the first, subject to the question whether the cause of action there alleged survived the death of the original defendant.

If the plaintiff had sued the original defendant in trover, and had been defeated on the ground that before action brought he had affirmed the exchange, he could have brought another action for the deceit, and the former judgment would not have been a bar.    To a majority of the court there seems to be no sufficient reason for not allowing the two counts to be joined in one action, as they could be proceeded on separately in two.    The evidence is the same in both, except on the questions of election and of damages, and the jury must be presumed to be as capable of understanding the different rules, when applied to alternative views of the same facts, as they would be of understanding them if the transactions described in the two counts were different, and the plaintiff had exercised his statutory right of joining counts like those before us in one action.    Pub. Sts. c. 167, § 2,

cl. 5. We must presume that the distinctions were explained to the jury, and as they found for the plaintiff on the second count alone, the defendant has suffered no wrong.

For the same reason, the defendant has not suffered by the refusal of the judge to rule that the cause of action in the first count did not survive. It was questionable at least whether it did under our decisions. *Read* v. *Hatch*, 19 Pick. 47. *Leggate* v. *Moulton*, 115 Mass. 552. *Cutter* v. *Hamlen*, 147 Mass. 471, 473. So as to the other rulings asked with reference to that count, so far as they were not given.

*Exceptions overruled.*

## MEMORANDUM.

On the twenty-seventh day of August, 1890, Chief Justice MORTON resigned the office of Chief Justice of this court, which he had held since the sixteenth day of January, 1882.