## Chester Snow *vs.* John B. Alley.

Barnstable.    March 3, 1892. — April 4, 1892.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Breach of Contract — Election — Parol Evidence — Damages.*

A. delivered to B. one hundred and fifty bonds, B. agreeing to return seventy-five of them in a certain event, to buy of A. thirty-two like bonds for a certain price, and to lend A. a sum of money on other like bonds. A. brought trover against B. to recover the one hundred and fifty bonds, on the ground that he could repudiate the contract because of B.'s bad faith, but recovered only the seventy-five bonds returnable on the happening of the event. *Held*, that the alleged breach of the defendant's promises was left untouched and was the proper subject of an independent action.

Election exists when a party has two alternative and inconsistent rights, and is determined by a manifestation of choice. But the fact that a party wrongly supposes that he has two such rights, and attempts to choose the one to which he is not entitled, is not enough to prevent his exercising the other, if entitled to it.

Considerations in addition to and not inconsistent with those set forth in a written instrument, may be shown by parol evidence.

Contract for breach of an alleged agreement. Trial in the Superior Court, before *Dewey*, J., who ordered a verdict for the defendant, and reported the case by request of the plaintiff for the consideration of this court. If the plaintiff was entitled to maintain his action, the case was to stand for trial; otherwis judgment was to be entered on the verdict.

*E. C. Bumpus & R. F. Simes*, for the plaintiff.

*F. Ranney*, for the defendant.

Holmes, J. This is an action for the breach of an alleged contract to buy of the plaintiff thirty-two Postal Telegraph Company bonds for half their par value, viz. for $16,000, and to lend the plaintiff $20,000 on other like bonds, in consideration of the plaintiff's agreeing to give the defendant seventy-five like bonds. The defences are a general denial, and that the plaintiff has precluded himself from this action by electing a different remedy.

The case was tried before a jury, and at the conclusion of the evidence the judge ruled that the defence had been maintained, and directed a verdict for the defendant.

The ground on which the defendant goes is this. At the time of the transaction between the plaintiff and the defendant, whatever it was, the plaintiff delivered to the defendant one hundred and fifty bonds. According to .the plaintiff's version only seventy-five of these were· to come 'from him ultimately, and the defendant agreed in the event which happened to return seventy-five of them. The plaintiff sued the defendant in trover for one hundred and fifty bonds in the case which was before this court in 144 Mass. 546 and 151 Mass. 14. In that suit he took the ground that the defendant induced him to part with the bonds by making promises which he intended not to keep, and that this entitled him to repudiate the bargain, and to demand back the one hundred and fifty bonds. But if the plaintiff failed on this ground, still, if the jury believed his testimony as to what the bargain was, he could recover on the same count for the seventy-five bonds which belonged to him, and which he was entitled to demand, and had demanded, as he said.

That either the one hundred and fifty bonds or the seventy-five bonds could be recovered for under the same count is an accidental result of the rules of pleading and practice in trover. But although the same count answered for a recovery either way, it is plain that the two claims are inconsistent and alternative. That for the one hundred and fifty bonds stood on a repudiation of the contract; that for the seventy-five was in pursuance of it. The jury found for the plaintiff for the value of the seventy-five bonds, and it appears, not only from the terms in which the case was left to them by the charge, but from their answers to questions put to them by the court, that they did not find that the plaintiff was entitled to repudiate the contract, that they accepted his version of what the contract was, and that they found that under it he remained owner, and was entitled to a return, of seventy-five bonds, and gave him their verdict on that ground.

If, then, the former proceeding establishes anything, it establishes that the plaintiff is entitled to insist upon his contract, since, although he began his suit intending to repudiate it, if he could make out a case for doing so, he took his judgment on the footing that it was in force. But, apart from this answer, the

defendant's argument rests on a misapprehension of the nature of election. Election exists when a party has two alternative and inconsistent rights, and it is determined by a manifestation of choice. *Metcalf* v. *Williams*, 144 Mass. 452, 454. But the fact that a party wrongly supposes that he has two such rights, and attempts to choose the one to which he is not entitled, is not enough to prevent his exercising the other, if he is entitled to that. There would be no sense or principle in such a rule. *Butler* v. *Hildreth*, 5 Met. 49, 52. *Snow* v. *Alley*, 144 Mass. 546, 554, 560. *Whiteside* v. *Brawley*, 152 Mass. 133, 135. *Morris* v. *Rexford*, 18 N. Y. 552, 557.

It was suggested, but not much pressed, that, if the plaintiff recovered for the seventy-five bonds under the contract, he could not now recover upon the promises in the same contract. The answer is obvious. The plaintiff has not attempted to split up an entire promise. The former recovery did not stand upon promises, but upon property. The contract was only material to show that, in the event which happened, the plaintiff's delivery of the bonds devested the title of only seventy-five of them. The recovery for the bonds leaves the alleged breach of the defendant's promises untouched, and the proper subject of an independent action.

It was argued further, that the plaintiff could not prove the promises declared on, because, in a written instrument signed by the plaintiff and purporting to transfer the one hundred and fifty bonds, other considerations are stated for the transfer, and the promises are not mentioned. But the plaintiff has a right to prove other considerations besides those set forth in the instrument, which, so far as appears from the writing, were executed, and therefore, however largely they may have induced the transaction in fact, could not constitute the conventional inducement of a promise or grant if a consideration was necessary. *Miller* v. *Goodwin*, 8 Gray, 542. *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46. See *Snow* v. *Alley*, 151 Mass. 14. It would seem, too, that the plaintiff was prepared to offer evidence that he was misled as to the contents of the paper he was signing, and signed it without reading it. *Freedley* v. *French*, 154 Mass. 339. *Peaslee* v. *Peaslee*, 147 Mass. 171, 180, 181.

Finally, it is argued that the damages could have been only

nominal, and that therefore a new trial ought not to be allowed. But we cannot say so as matter of law. It is argued that the value of the bonds at the time of the alleged contract was fifty-five per cent of their par value, but there was some evidence that, when the contract was broken, only twenty-five per cent could be got for them. Possibly, too, substantial damages might be recovered for the refusal to lend $20,000. *Ilsley* v. *Jones*, 12 Gray, 260.                                 *Case to stand for trial.*