HOMER GOODWIN *vs.* EVANS R. DICK & others.

Suffolk. November 12, 1914. — February 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Deceit. Election. Damages*, In tort.

In an action by a stockbroker against another stockbroker for false and fraudulent
representations that certain shares of mining stock offered for sale were treasury
stock, whereby the plaintiff was induced to purchase some of the shares and
suffered loss, if it appears that the defendant made the statement that the
shares were treasury stock and that this statement was false and was known to
the defendant to be false and was relied upon by the plaintiff and was material,
but it also appears that the mining stock not only was worthless but that it would
have been equally worthless if the shares had been treasury stock, it is right for
the presiding judge to order a verdict for the defendant; for the plaintiff by
bringing his action for deceit has elected to affirm his purchase of the shares,
and is bound by the rule of damages that he can recover only the difference be-
tween the value of the stock that he got and the value of the treasury stock that
he would have got if the defendant's representation had been true, that is to
say, nothing at all, so that he has failed to prove that he suffered damage by the
defendant's false statement, which is an essential element of his cause of action.

DE COURCY, J. The plaintiff, who is a stockbroker in Boston,
bought from the defendants, who are stockbrokers in New York,
five hundred shares of the Boston and Alta Copper Company.
He alleges that he was induced to subscribe thereto by the fol-
lowing statement in a circular issued by the defendants: "Hav-
ing been requested to use our business facilities for marketing
some of the Treasury Stock of the Boston and Alta Copper Com-
pany, we have carefully considered the history and prevailing
conditions surrounding this enterprise, and the reputation, skill
and ability of the men associated therewith; and have concluded
that we can, with propriety, recommend the stock as being an
attractive mining investment, likely to have very great value
with the further development of the property."

The auditor to whom the case was referred found that the plain-
tiff bought and paid for the stock relying upon the statement
that the shares offered for sale were treasury stock; that this was
a material statement; that the plaintiff was justified in relying
upon it; and that it was false and was known by the defendants

to be false, as the stock in fact was held by the Railways Company General as collateral security and also was subject to an option in favor of the defendant E. R. Dick and others. At the trial the defendants introduced evidence as to the entire transaction, which need not be recited in view of the conclusion at which we have arrived.

Assuming that the facts were as found by the auditor, the plaintiff had the choice of two remedies. He might have elected to rescind the contract which had been induced by the false representations, and have recovered the money he paid, on returning the consideration received by him. *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 581, and cases cited. *Ginn* v. *Almy*, 212 Mass. 486. Or he might have chosen to affirm the purchase, to retain the stock, and to sue for the damages sustained by reason of the deceit. *Whiteside* v. *Brawley*, 152 Mass. 133. *McKinley* v. *Warren*, 218 Mass. 310. Since he chose the latter course and sued in tort for deceit he is bound by the rule of damages in that form of action. That is to say, he can recover only the difference in value between the stock which in fact he got and the treasury stock which he would have got if the representation made by the defendants had been true. *Thomson* v. *Pentecost*, 210 Mass. 223. *Kerr* v. *Shurtleff*, 218 Mass. 167, 173, and cases cited. That principle is applicable on the facts found here, which distinguish the case from *Kilgore* v. *Bruce*, 166 Mass. 136, cited by the plaintiff. The auditor has found expressly that "the stock of the Boston and Alta Copper Company is, and was, worthless," and that "the stock was equally worthless whether or not the representation of the defendants was true." The exceptions state that "There was no evidence, and it was not contended by the plaintiff, that the value of the stock would be greater or different if it were treasury stock from what it would be if it were not treasury stock." The heavy losses sustained by the corporation and by the defendants themselves indicate that the stock would not have been worth anything even if all the proceeds had gone into the treasury. In any event the general rule of damages would give the plaintiff the benefit of the value which the stock would have if the representation was true. See *Findlater* v. *Dorland*, 152 Mich. 301. No other misrepresentation was relied upon or established.

It follows that as the plaintiff failed to establish an essential element of his case, namely, that he suffered damage in consequence of the false representation, the trial judge * rightly ordered a verdict for the defendants.

*Exceptions overruled.*

*S. H. Pillsbury*, (*H. C. Tuttle* with him,) for the plaintiff.
*H. E. Warner*, for the defendants.