SAMUEL SHAW *vs.* THOMAS A. FORSYTH.

ELIZABETH S. HOSMER *vs.* SAME.

ARTHUR D. DRAPER *vs.* SAME.

MARY KEARNEY *vs.* SAME.

Suffolk.   December 7, 1916. — March 13, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Deceit.*

The declaration in an action for deceit contained substantially the same allegations contained in the declarations in *Holloway* v. *Forsyth, ante,* 358, and further alleged that, "in connection with said representations, the defendant by his conduct impliedly represented that he, the defendant, was a disinterested person and made said representations as such, and that he had no interest in the rubber company except through his connection with the [other company] as a buyer of its product," and further alleged that the plaintiff "believed said representations and believed that the defendant made the same as a disinterested person and relied thereon," and "that, in so far as said representations or any of them constituted expressions of belief or opinion . . . , they

were not true statements of the defendant's honest opinion and belief but were wholly false . . . and were made by the defendant . . . for the purpose of defrauding the plaintiff and others similarly situated." On demurrer it was *held*, that the declaration stated a good cause of action.

FOUR ACTIONS OF TORT for false and fraudulent representations whereby the plaintiffs were induced to buy shares and refrain from selling other shares of stock in the North American Rubber Company, the declarations being substantially the same as those in *Holloway* v. *Forsyth, ante,* 358, with the further allegations that are stated in the opinion. Writs in the first three cases dated February 26, 1915, and in the fourth case dated April 28, 1915.

In each case the defendant demurred.

The demurrers, as well as the demurrers in one hundred and twenty-three other actions each brought by a different plaintiff against the same defendant, came on to be heard before *McLaughlin,* J., who made orders overruling all the demurrers, and by agreement of the counsel reported the four cases as "typical cases" for determination by this court.

*J. F. Cronan, (C. J. Smerdon* with him,) for the defendant.

*J. G. Palfrey,* for the plaintiffs.

PIERCE, J. These are actions of deceit brought by the above named plaintiffs and by one hundred and twenty-three other different plaintiffs, who allege that, relying on certain printed and oral representations, they were induced to purchase or to refrain from selling shares of stock in the North American Rubber Company. The defendant demurred to all the declarations, the demurrers were overruled and four typical declarations with their respective demurrers are reported to this court.

The representations alleged to have been made are substantially the same as those declared to have been made in the several typical declarations in the cases of *Holloway* v. *Forsyth, Smith* v. *Forsyth, Wheeler* v. *Forsyth, Wheet* v. *Forsyth,* and *Harney* v. *Forsyth, ante,* 358. In the immediate cases it is further alleged that "In connection with said representations, the defendant by his conduct impliedly represented that he, the defendant, was a disinterested person and made said representations as such, and that he had no interest in the rubber company except through his connection with the belting company as a buyer of its product." It is further alleged that the "plaintiff believed said representa-

tions and believed that the defendant made the same as a disinterested person and relied thereon." It is further alleged "that, in so far as said representations or any of them constituted expressions of belief or opinion . . . , they were not true statements of the defendant's honest opinion and belief but were wholly false . . . and were made by the defendant . . . for the purpose of defrauding the plaintiff and others similarly situated."

The fact that the defendant was not known to the plaintiffs to be a vendor of the stock or to be an agent or confederate of the promoters of the rubber company in their efforts to sell the capital stock of the rubber company, the fact that the affirmations of the defendant related not to the stock but to the commercial value of the product of a secret process not offered for sale, the fact that the representations were made to induce persons to refrain from selling as well as to persuade and to entice them to purchase the stock, *Fottler* v. *Moseley*, 185 Mass. 563, 565, give color to the contentions of the plaintiffs that they did not deal at arm's length with the defendant, that the facilities for ascertaining the truth were not equal, and that there is nothing in the facts stated to warrant the assertion that they did not act with reasonable and ordinary care and prudence to ascertain the truth or untruth of the facts asserted, and most particularly the truth or untruth of the statement that the defendant had arrived at certain conclusions as the result of experiments with the product for six months. *Medbury* v. *Watson*, 6 Met. 246. *Adams* v. *Collins*, 196 Mass. 422, 430.

That the defendant is responsible to the plaintiffs for the false representations that the rubber company owns a secret process for a rubber substitute, that it was placing its product on the market at a very low cost of production, as is claimed "only about forty cents a pound," that the belting company had a contract with the rubber company to buy for a stated period all the product for the price of one dollar per pound, that the contract had been entered into only after the defendant had experimented six months with the product, was fully discussed in connection with other allegations of deceit set out in the cases of *Holloway* v. *Forsyth*, *Smith* v. *Forsyth*, *Wheeler* v. *Forsyth*, *Wheet* v. *Forsyth* and *Harney* v. *Forsyth*, *supra*, and there is no occasion to repeat here what was there said.

Considered in relation to damages, the case is one where the stock could be found to have had an actual value if the representations were true. This fact distinguishes the case from *Goodwin* v. *Dick*, 220 Mass. 556, where the truth or falsity of the representations would neither add to nor diminish the value of the stock actually delivered.

In substance and form the declarations are in all essential particulars sufficient. We therefore do not discuss the alleged defects set out in the demurrers.

The order overruling the several demurrers must be affirmed.

*So ordered.*