JACOB CINAMON *vs.* ST. LOUIS RUBBER COMPANY & trustee.

Suffolk.   November 7, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Judgment,* Special. *Res Judicata. Surety. Election.*

On a motion for a special judgment against a bankrupt defendant to enable the plaintiff to bring an action against the sureties on a bond given by such defendant to dissolve an attachment of funds in the hands of a trustee summoned by trustee process, it is no bar to the granting of the motion that the plaintiff also made an attachment by special precept of personal property of the bankrupt defendant, which attachment was released on the giving by the defendant of another bond with sureties, and that the plaintiff, without filing this last named

bond, had made a motion for a special judgment relying upon it as a common law bond and that the motion was denied, the two bonds being independent and having vested in the plaintiff two distinct and separate causes of action, and the denial of the motion for a special judgment on the common law bond having been an interlocutory order within the discretionary power of the judge which did not affect the merits of the controversy nor bind the parties in all subsequent proceedings until reversed or modified.

Upon the motion described above, where the two bonds mentioned created independent liabilities and the sureties upon them were not the same, it was *said,* that the remedies on the two bonds were not inconsistent and that the plaintiff had a right of action upon each of them, but that, if they had been inconsistent and the plaintiff had been mistaken in supposing that he had two such rights and had chosen the one to which he was not entitled, this would not bar him from exercising the other right if he was entitled to it.

CONTRACT against the St. Louis Rubber Company a corporation, the Paul Revere Trust Company being summoned as trustee, for an alleged wrongful discharge under a contract of employment. Writ dated November 11, 1914.

On October 29, 1915, the plaintiff obtained a verdict for $780. The defendant was adjudicated a bankrupt on May 15, 1916, and was discharged in bankruptcy on November 29, 1916. On February 7, 1917, the plaintiff filed a motion for a general or special judgment against the bankrupt to enable the plaintiff to bring an action against the sureties on a bond which was given by the bankrupt to dissolve an attachment made by the trustee process. The sureties on the bond were permitted to intervene and object to the allowance of the motion. The motion was heard by *Lawton,* J. The material facts and proceedings are stated in the opinion.

The sureties asked the judge to make the following rulings:

"1. The plaintiff could have asked the judge, at the hearing on the first motion for a special judgment, to grant such judgment on the second or statutory bond.

"2. It was the duty of the plaintiff to introduce all his evidence and reasons for the granting of a special judgment at the hearing on the first motion for a special judgment.

"3. The plaintiff's failure to request the judge to grant a special judgment on the second or statutory bond at the hearing on the plaintiff's first motion for a special judgment is a bar to any subsequent motion by the plaintiff for a special judgment.

"4. That part of the motion filed on February 7, 1917, which

asks for a special judgment, is now *res judicata* because of the order denying a special judgment.

"5. The plaintiff having stated in open court, at the hearing on the first motion, that he desired a special judgment on the common law bond rather than on the statutory bond, such action is an election of remedies on his part.

"6. The plaintiff having stated in open court that he desired a special judgment on the common law bond, he must be deemed to have waived his right to ask for a special judgment in the second or statutory bond."

The judge refused to make any of these rulings and made the following memorandum of decision:

"It is this order of January 26, 1917, denying the motion for special judgment that, the sureties assert, makes the present motion for special judgment *res judicata.* They have filed six requests for rulings, which are annexed hereto. I ruled that the order denying the first motion is not a final judgment or decree, but is in the nature of an interlocutory judgment, decree or order, and refused the sureties' requested rulings, the first and second being refused as immaterial. To the foregoing ruling and refusals to rule, the sureties seasonably saved their exceptions."

At the request of the counsel for the sureties the judge reported the case for determination by this court. If the rulings and order were correct, special judgment was to issue as ordered; otherwise, the motion was to be denied.

The case was submitted on briefs.

*D. Stoneman, A. I. Stoneman & A. G. Gould,* for the sureties.

*J. E. Kelley & D. Flower,* for the plaintiff.

CROSBY, J. The plaintiff obtained a verdict against the principal defendant in an action brought to recover damages arising from a wrongful discharge under a contract of employment. The facts may be briefly stated as follows: The Paul Revere Trust Company was named as trustee, and its answer disclosed funds belonging to the principal defendant. The defendant filed a bill of exceptions, which was allowed, but was dismissed on January 2, 1917. On February 11, 1916, the defendant gave a bond with sureties to dissolve the attachment of funds in the hands of the trustee, which bond was approved by a master in chancery and was filed in court on February 12, 1916. On May 15, 1916, the

defendant was adjudicated a bankrupt; it was discharged in bankruptcy on November 29, 1916.

The report of the judge contains the following statement: "After the verdict, the plaintiff obtained a special precept of attachment, January 26, 1916, under which personal property was attached. On the defendant's promise to give a bond, the attachment was ordered dissolved by the plaintiff. The bond not being furnished, a second special precept was asked and issued February 7, 1916. The defendant thereupon gave to the plaintiff a bond with sureties, and on the plaintiff's order the attachment was released by the officer. This bond was retained by the plaintiff, but was not filed in court. On January 15, 1917, the plaintiff filed a motion for special judgment. In support of his motion, he stated orally that he relied on this last named common law bond, and produced it and offered it in evidence in court. He did this under a misapprehension on his part that the said bond was the one given to dissolve the attachment by trustee process on the fund in the Paul Revere Trust Company's hands. On said motion, the following order was indorsed, after hearing: 'Jan. 26, 1917. Denied after hearing.'" The plaintiff appealed and excepted to the order denying the motion, but on May 12, 1917, he waived the appeal and claim of exception.

On February 7, 1917, the plaintiff filed a motion for a general or special judgment against the bankrupt to enable the plaintiff to bring an action against the sureties on the statutory bond given to dissolve the attachment of the funds in the hands of the trustee. The sureties, who had been allowed to intervene and who had suggested the bankruptcy of the principal defendant, opposed this motion, and contended that the denial of the motion for a special judgment on the common law bond was *res judicata* and a bar to an action upon the statutory bond.

The judge of the Superior Court by whom both motions were heard, ruled "that the order denying the first motion is not a final judgment or decree, but is in the nature of an interlocutory judgment, decree or order, and refused the sureties' requested rulings." To this ruling and to the refusal of the judge to make the rulings requested by them the sureties excepted.

The ruling of the presiding judge was correct. The plaintiff held two bonds each given to him by the defendant to release

attachments that had been made upon the writ.  These bonds were separate and independent instruments and vested in the plaintiff two independent and distinct causes of action.  The denial of a motion made under R. L. c. 177, § 25, for a special judgment upon the common law bond was a decision upon an interlocutory matter and was addressed to the sound discretion of the judge.  The ground for the denial of this motion does not appear in the record, but, whether due to the failure of the plaintiff to prove the execution of the bond or for any other reason, it is plain that it cannot be regarded as a final adjudication upon the merits and binding upon the parties in all subsequent proceedings, unless reversed or modified.  There would seem to be no legal objection to the allowance by the judge for proper cause of the renewal of a motion previously denied.  *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31.  *Riggs* v. *Pursell*, 74 N. Y. 370.

In order that the doctrine of *res judicata* may apply as a bar to a subsequent proceeding, it must appear, either from the record alone or from the record supplemented by other evidence, that the issue was considered and determined by the court upon the merits.  *Foye* v. *Patch*, 132 Mass. 105.  *Corbett* v. *Craven*, 196 Mass. 319.  *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41.

There would be no sense nor principle in a rule which would hold that the plaintiff by filing a motion for a special judgment upon one of the bonds is precluded from maintaining an action upon the other because the first motion had been denied.  The two bonds created independent liabilities; besides, the sureties on them were not identical.  Nor can the plaintiff be precluded from recovery upon the ground that by reason of filing his first motion he elected to pursue one of two alternative and inconsistent remedies.  The answer to this suggestion is that the remedies were not inconsistent: he had a right of action upon each bond and now seeks to enforce his rights upon one of them for breach of its conditions.  *Butler* v. *Hildreth*, 5 Met. 49, 50.  *Whiteside* v. *Brawley*, 152 Mass. 133.  *Snow* v. *Alley*, 156 Mass. 193, 195.  *Northern Assurance Co. of London* v. *Grand View Building Association*, 203 U. S. 106, 108.

If the plaintiff's rights were alternative or inconsistent, which does not appear, and he erroneously understood he had two such rights and attempted to choose one to which he was not entitled, he is not barred from exercising the other if entitled to it.  *Snow*

v. *Alley, supra. Doucette* v. *Baldwin,* 194 Mass. 131, 135. *Furber* v. *Dane,* 204 Mass. 412, 415.

The ruling made by the presiding judge was correct, and the requests for rulings were refused properly.

In accordance with the terms of the report a special judgment is to be entered as ordered.

*So ordered.*