ELLA F. PATCH *vs.* MAURICE J. CASHMAN & another.

Suffolk.   January 16, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract*, Rescission.   *Tender.   Stockbroker.*

One who, through fraud of a stockbroker, has been induced to purchase securities from him, may rescind the contract, tender back what he received through it, and, upon the tender being refused, maintain an action for a return of what he paid to the stockbroker without depositing the property tendered with the court or retendering it at the trial.

Where, at the trial of an action of the character above described, it appears that, previous to the purchase in issue, the plaintiff at the solicitation of an agent of the defendant had delivered to the defendant securities to be sold on the plaintiff's account, the proceeds to be reinvested in the securities in controversy, that the sale and the reinvestment were made, that the defendant submitted to the plaintiff a statement with a check for a balance shown thereby to be due to the plaintiff after the completion of the transaction, and that the plaintiff collected the check, it was *held*, that the plaintiff was not required, as a condition precedent to the maintenance of the action, to tender back the amount of the balance due him from the sale of his securities since he was not attempting to repudiate such sale.

CONTRACT OR TORT for damages resulting from fraud of the defendants, stockbrokers, in the sale to the plaintiff of certain securities.   Writ dated March 8, 1917.

In the Superior Court, the action was heard by *Bishop, J.,* without a jury.   Material facts found by him are described in the opinion.   The judge ruled that, "in order for the plaintiff to show a rescission of the contract, she must establish that she tendered, or offered to tender back to the defendants, all of the benefits of the transaction she received from them;" and that, "upon all the evidence the plaintiff did not tender or offer to tender back to the defendants the check in the amount of $63.75, dated January 29, 1917, which was received from the defendants, nor its money equivalent."   He refused to rule that, "upon all the evidence the defendants never refused a tender, nor an offer of tender, by the plaintiff of all the benefits of the transaction received by the plaintiff."   To such refusal to rule, the defendants excepted. This is the only exception saved by them.

The judge found for the plaintiff in the sum of $15,344.67; and the defendants alleged exceptions.

*J. F. O'Connell,* (*A. Mehlinger* & *E. B. Rowe* with him,) for the defendants.

*B. E. Eames,* (*R. F. Hooper* with him,) for the plaintiff.

BRALEY, J.  The judge before whom the case was tried without a jury determined that through the fraud practised by the defendants, a firm of brokers, the plaintiff had been misled in the purchase of certain stocks as specified in the record, and he assessed damages and ordered judgment accordingly.  The finding, if warranted, is conclusive.  *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.  The plaintiff upon discovery of the misrepresentations could affirm the sale, retain the stocks, and without a tender recover damages, in an action of tort for the difference in value at the time when she bought, and the value as represented, or tender back the stocks with the dividends received and recover in an action of contract the money paid with interest.  *Whiting* v. *Price,* 172 Mass. 240.  *Whiteside* v. *Brawley,* 152 Mass. 133.  *Goodwin* v. *Dick,* 220 Mass. 556.  The declaration as amended contains counts which apparently take both positions. But the joinder was permissible, and on the record no question of election having been raised, the trial proceeded on the basis of disaffirmance.  *Whiteside* v. *Brawley, supra.*  See *Crafts* v. *Belden,* 99 Mass. 535.  It was therefore necessary for the plaintiff to prove a tender and the judge found that a sufficient tender had been made which the defendants refused, and declined to rule that "Upon all the evidence the defendants never refused a tender, nor an offer of tender, by the plaintiff of all the benefits of the transaction received by the plaintiff."  The question whether the ruling should have been given is the only question presented on the record.  The evidence warranted his conclusion that the certificates with the only dividend check she had received were unconditionally presented, with a demand for payment of the price. It was sufficient unless she was required also to tender $61.37 to which we shall presently refer.  *Brown* v. *Hartford Fire Ins. Co.* 117 Mass. 479.  It is further contended that the property tendered should have been deposited with the court and that the tender was not good unless renewed at the trial.  The defendants cite no case supporting their position.  It has been held that where specific

articles are tendered, the tender need not be kept good. *Mitchell* v. *Merrill,* Blackf. 87. The plaintiff however if the tender was good could not abandon the property, but was bound to care for it, and could retain possession, or deposit it for the defendants. *Gayle* v. *Suydam,* 24 Wend. 271. *Dustan* v. *McAndrew,* 44 N. Y. 72. And the plaintiff after the refusal held the property as bailee at the defendants' risk. *Slingerland* v. *Morse,* 8 Johns. 474. 3 Williston on Contracts, § 1529, and cases there collected. The plaintiff was not required to make a retender at the trial or to deposit the certificates and check with the court. *Skillings* v. *Collins,* 224 Mass. 275, 277, *Owen* v. *Button,* 210 Mass. 219, cited by the defendants is clearly distinguishable. The record however shows that prior to the purchase in issue, the plaintiff at the solicitation of their agent delivered to the defendants stocks which she held as investments to be sold on her account, the proceeds to be reinvested in the stocks in controversy. The defendants having sold, submitted a statement with their check for $61.37, the balance remaining after applying the proceeds to the purchase of the new stocks, which the plaintiff collected. It is pressed in argument that the failure to include the amount of this check in the tender is fatal and there was no effectual rescission. *Estabrook* v. *Swett,* 116 Mass. 303, 304. *Snow* v. *Alley,* 144 Mass. 546. *Northampton National Bank* v. *Smith,* 169 Mass. 281. *Loomis* v. *Pease,* 234 Mass. 101, 107. But the transaction which the plaintiff repudiated and sought to rescind was the purchase of the new stocks, and no claim was made that the sale of her stocks in itself was fraudulent. The money demanded back was not the amount for which the old stocks had been sold, but the money which the defendants had wrongfully induced her to invest in the new stocks. The check accordingly was not a benefit received thereunder, and no tender was necessary. *Morse* v. *Woodworth,* 155 Mass. 233, 249. *Loomis* v. *Pease,* 234 Mass. 101, 107. While it is true as defendants' counsel suggest, that in the assessment of damages the amount of the check is included, no question was made concerning the measure of recovery if the plaintiff was entitled to prevail, and it cannot be raised before us. *Bond* v. *Bond,* 7 Allen, 1, 6. *Noyes* v. *Noyes,* 224 Mass. 125, 134. It follows that the exceptions should be overruled, and it is

*So ordered.*