*233 OPINION.
Teussell :
Section 240 (a) of the Eevenue Act of 1921 provides:
That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which ease the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.
With respect to the' first issue it appears that the additional taxes proposed for assessment arise from a determination by respondent that the three companies here involved Avere in fact not affiliated during the years in question. The respondent now admits affiliation, but contends that the deficiencies are correct for the reason that the filing of a separate return for 1922 by the Dexter Company was the exercise by petitioners of the option provided by the above quoted section — that they thereby elected to return income on a separate basis and consequentty there was no authority for the filing in 1924 of amended returns for each year upon a consolidated basis.
*234 It is contended by petitioners that the filing of individual returns for 1922 and 1923 by the Dexter Company did not constitute, under the peculiar facts existing, an election to change the basis theretofore consistently used in reporting income upon a consolidated basis. It is insisted that not until 1924 could it be determined as to whether affiliation in fact existed in each of the years in question.
The record shows that during the calendar 3',ear 1920 the Dexter Company and the two Campbells, who own its capital stock, entered into a contract with William Randolph Hearst, for the sale to the latter of all of the business and of the assets of the corporation with the exception of certain investment securities and including the stock of the Howland and Railroad Companies, this contract providing for formal transfer of the assets on or before July 1 of that year. The $100,000 provided by the contract to be paid in cash was paid by Hearst upon execution of the contract. From this date the properties in question were considered by the Dexter Company and the Campbells to be the property of Hearst and operation of them in his interest and for his purposes was entered upon, the plant being turned over to the manufacture of newsprint paper, which before that time it had not made, and the regular business in which, the Dexter Company and the Howland Company had theretofore been engaged was discontinued. Some months thereafter, but prior to the time for filing returns for the calendar year 1920, the contract in question was repudiated by Hearst and suit brought against him by the Dexter Company.
It was with these conditions existing that the time arrived for filing returns for 1920 and the Dexter Company could not determine whether or not it was in fact affiliated with the Howland and Railroad Companies for the period following the execution of the contract. It was contended in a court proceeding that these properties belonged to Hearst, which fact was denied bjr the latter, and the actual ownership could not be determined until the conclusion of this litigation. These conditions were explained to respondent and a consolidated return was filed for the period in 1920 prior to the execution of the contract with Hearst and a separate return was filed by the Dexter Company for the period in that year following the execution of that contract, this return merely reporting the income from the investment securities not included in the sale to Hearst. This litigation was in progress for more than two years and the status of these corporations was not possible of determination in each year at the time for filing returns for the prior year, and in each case the Dexter Company again advised respondent of the conditions existing and its inability to determine what the facts were, *235 and filed for itself a return reporting income from investment securities alone, no returns being filed for the Howland and Railroad Companies. It will be noted that the Dexter Company even filed a separate return for 1921, for which year petitioners had no option to file any but a consolidated return if they were in fact affiliated, as is now admitted.
There appears to be no dispute between the parties as to the facts except in regard to the year in which the settlement of the litigation with Hearst was finally completed, respondent contending that this settlement was in December, 1923, and petitioners that it was in January, 1924. On this question we have sustained petitioners’ contention and we find that following this settlement, which provided for the Dexter Company to retain the $100,000 cash payment made and the assets covered by the contract, and Hearst to pay a large amount in damages, petitioners filed in 1924 amended returns for the calendar years 1920, 1921, 1922, and 1923, upon a consolidated basis.
The question presented is whether or not under these facts, the filing in 1923 by the Dexter Company of a separate return for 1922 constituted an exercise of the election provided by section 240 (a) of the Revenue Act of 1921 to file upon either a separate or consolidated basis. In Standard Oil Co. v. Hawkins, 74 Fed. 395, the court said: “ ‘ Election ’, says Dyer, ‘ is the internal, free and spontaneous separation of one thing from another, existing in the mind and will.’ 3 Dyer, 281. That designed selection can not occur if the party be ignorant of his rights. He can not deliberately select one of two or more remedies if he know of but one to which he is entitled. * * * In order to constitute a valid election, the act must be done with a full knowledge of the circumstances of the case, and the right to which the person put to his election was entitled.” In New v. Smith, 94 Kan. 6, 145 Pac. 880, the court said: “An election which involves no freedom of choice is known as ‘Hobson’s choice ’ which is defined as a choice without an alternative.” One of the most frequently quoted definitions of election is that by Mr. Justice Holmes in Snow v. Alley, 156 Mass. 193; 30 N. E. 691, during his service on the bench in Massachusetts, that “ Election exists when the party has two alternative and inconsistent rights, and it is determined by a manifestation of choice.”
It appears to us to be idle to say that these taxpayers have made a free and deliberate choice of one of the two bases upon which the revenue act permitted corporations actually affiliated to make a return, when under existing conditions it was impossible for them to even determine the fact of affiliation, or, in other words, impossible to determine whether or not they were entitled to exercise the option provided by the statute.
*236 Under such conditions we think that the filing of the individual return for 1922 by the Dexter Company was not an exercise by petitioners of the option provided by section 240 (a) of the Revenue Act of 1921 and that when their affiliated status was determined in 1924 for the several years in question, they then, for the first time, could determine their right to file either consolidated or separate returns for these years and that the amended returns on a consolidated basis as then filed were in the proper exercise of the right granted by the cited section. Cf. Fifth Third Trust Co., 20 B. T. A. 88; George N. Klemyer, 20 B. T. A. 934; James F. Hoey, 4 B. T. A. 1043.
With respect to the second issue, petitioners contend that the $755,-000 paid under the settlement of the suit against William Randolph Hearst did not constitute income to the Dexter Company, or, if income, that it did not pertain to the calendar year 1923, but to the year 1924, in which the settlement was effected.
Petitioners’ first contention can not be sustained. In Burnet v. Sanford & Brooks Co., 282 U. S. 359, this question was presented under a situation in many respects similar to the one here existing, the court holding that the damages recovered, measured by the losses incurred, constituted income. Petitioners’ second contention is sustained by our finding that the termination of this litigation was in the calendar year 1924. There was no basis prior to that year for accrual of any amount on account of the Hearst liability, finally admitted and liquidated by the settlement. The $755,000 in question represented income for the year 1924. Cf. Lucas v. American Code Co., 280 U. S. 445.
In respect to the third issue, it is noted that the $100,000 paid by Hearst in 1920 was retained by the Dexter Company under the settlement effected in 1924. The right of the Dexter Company to retain this amount, as part of the compensation for the damage sustained, accrued under the contract of settlement, and we hold that this amount should be included in income for the calendar year 1924.
Reviewed by the Board.

Judgment will be entered pursuant to Bule 50.

TRammell and Murdoch dissent.