NATHAN LEVIN *vs.* HENRY HORNBLOWER & others.

Suffolk.    March 2, 1936. — September 18, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Sale*, Repudiation, Of securities.    *Tender.    Waiver.    Election.*

A purchaser of shares of stock sold in violation of G. L. (Ter. Ed.) c. 110A, who, after he had made the tender of the stock necessary as a prerequisite to recovery of the purchase price and the tender had been refused, sold the stock, could be found to have abandoned and waived his right to such recovery.

CONTRACT OR TORT.    Writ in the Superior Court dated July 11, 1934.

The action was heard without a jury by *Weed*, J., who found for the defendants.  All parties alleged exceptions.

*L. Withington*, (*E. C. Park* with him,) for the defendants.
*A. M. Ginzberg*, for the plaintiff.

FIELD, J.    This case, of the same general nature as *McGray* v. *Hornblower*, *ante*, 334, and brought against the same defendants, was tried with that case as therein described.  The trial judge made specific findings applicable to the present case and found generally for the defendants. The case comes before us on a combined bill of exceptions of the plaintiff and of the defendants.

The trial judge found warrantably the following facts, among others: In 1929 the plaintiff bought from the defendants a Bankers Trust Company receipt representing fifteen shares each of the Chase National Bank and of the Chase Securities Corporation.  Later in the year he bought from that corporation a similar receipt for forty-five shares each of the bank and of the corporation.  "On or about October 3, 1932, the Bankers Trust receipts having been surrendered, the plaintiff received a so called 'unit' or 'duplex' certificate for 60 shares of the Bank on one side of the sheet and a certificate on the reverse side for 60 shares of the Corporation.  On December 5, 1933, the plaintiff sold the 15 shares

first sold him by the defendants . . . . At sometime in June, 1934 he learned that a question had arisen about a failure to comply with the Sale of Securities Act prior to his purchases in 1929 above described. He purchased in the market 'unit' or 'duplex' certificates for 5 and 10 shares, respectively, each of the Bank and of the Corporation (now 'Amerex')." On July 5, 1934, the plaintiff "tendered the certificates for the 15 shares each of the Bank and of the Corporation that he had just purchased in June 1934, duly endorsed in blank, together with $250 to cover the dividends and rights that he had received or would have received had he held the original shares from the time of purchase to the time of tender. Since the tender he has sold the 15 shares. The plaintiff has held through this period and still holds the 45 shares of the Bank and of the Corporation purchased in 1929. But it appears that he has tendered the 45 shares to the Corporation with a view to rescinding the purchase and sale of the 45 shares."

The judge found "that the sale of said fifteen shares of the stock of the Corporation by the defendants to the plaintiff on September 4, 1929 was in violation of Section 4 of the Act." But he further found, among other facts, "that upon the sale after the alleged tender of the shares tendered . . . [the plaintiff] abandoned and waived any rights thereunder."

We need not consider other findings, not here recited, favorable to the defendants; for the finding of abandonment and waiver was warranted, was not vitiated by any erroneous ruling and was fatal to recovery by the plaintiff. The inference was warranted, if not required, that the plaintiff by selling the shares tendered, elected to deal with them as his own and not to hold them as bailee for the defendants. See *Patch* v. *Cashman*, 244 Mass. 378, 380. See also *Graham* v. *Hatch Storage Battery Co.* 186 Mass. 226, 230; *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10, 12. The finding that the plaintiff still holds other shares is not inconsistent with this conclusion. Even if, as we do not decide, the plaintiff could have preserved his rights under the tender by retaining in his possession for the defendants a sufficient number

of equivalent, though not identical, shares, it does not appear that he has done so. So far as appears the shares in the possession of the plaintiff were and are held by him as bailee for another owner. Moreover, the principle that equivalent shares may be purchased and tendered, applies when shares originally purchased were sold by the purchaser without knowledge of the facts entitling him to rescind the transaction (*Birch* v. *Arnold & Sears, Inc.* 288 Mass. 125, 133) and does not aid the plaintiff. In view of this result other exceptions of the plaintiff need not be discussed. And the defendants' exceptions are disposed of by what has been said in the case of *McGray* v. *Hornblower, ante*, 334.

*Plaintiff's exceptions overruled.*
*Defendants' exceptions overruled.*