*Municipal Court of the City of Boston*

## BOB SCOTT, INC.

v.

## BETTY GIBSON

Argued: June 2, 1972 - Decided: June 13, 1972

*Present:* Adlow, C.J., Gillen, Gorrasi, Spec. J. Case tried to *Elam, J.*

**Adlow, C. J.** Action by seller of property to recover a deposit allegedly paid to broker in a transaction involving agreement to purchase property .

At the trial there was evidence that on April 26, 1971, the defendant effected a sale of property at 33 Greenwich Park in Boston to Mr. and Mrs. Laurence Kinnard, by an agreement executed between the plaintiff, as owner, and the Kinnards. The agreed purchase price was $30,800, and it was recited in the agreement that a deposit of $2,000.00 had been paid on account of the purchase. The time of passing papers provided in the agreement was May 28, 1971. It was further provided in said agreement that

> "All deposits made hereunder shall be held by the broker, Betty Gibson, Realtor, as agent for seller."

On the 28th day of May, the time for passing papers was extended for 30 days but the transaction was never consummated for the reason that the buyer was unable to finance the purchase.

There was evidence by the defendant that she never received a two thousand dollar deposit, and that the seller was apprised of this fact before drawing of the agreement of sale was completed. There was further evidence that the buyer, so-called, gave a $500 check as

"earnest money" with the express representation that there were no funds in the bank. It is unnecessary to recite that the sale was never consummated. At the close of the evidence the plaintiff requested the court to rule that in view of the proviso that

> "all deposits made hereunder shall be held by the broker — as agent for the seller"

the evidence requires a finding for the plaintiff. The court declined to so rule and found for the defendant. The plaintiff being aggrieved brings this report.

There was no error. The court properly admitted oral evidence at the trial to reveal that there was no deposit of two thousand dollars, and that the so-called $500.00 check received by the defendant was worthless. The claim of the plaintiff that the oral evidence was not admissible to deny the truth of the agreement of the statement that a $2.000.00 deposit had been paid to bind the agreement is without merit. While it is true that oral evidence is not usually available to vary the terms of a written agreement, the agreement in the cause under review did not represent the exchange of promises between a willing seller and a buyer who was ready, willing and able to effect a purchase. In its true sense the transaction lacked substance, its fate depending entirely on whether a financial arrangement could be made to finance the deal. In this sense the

written contract represented nothing more than the preliminary stages of a transaction which might culminate in a transfer of the equity in the property to a mortgagee. In these circumstances the evidence of the broker and the alleged buyer was admissible. *Kessler Shoe Co.* v. *Phila. Fire & Marine Ins. Co.*, 295 Mass. 123, 129. Aside from the shadowy character of the alleged agreement, there is no ground for denying a party a right to show what the actual consideration for the agreement was. *Snow* v. *Alley*, 156 Mass. 193, 195. *Fay* v. *Corbett*, 233 Mass. 403, 410. The finding of the court that no deposit was actually put up was warranted by the evidence. Not only did the broker receive no deposit of any money, but no one was misled by the circumstance that a fictitious deposit was set up in the agreement of sale. It is very apparent on the face of the record that whatever chance this transaction had of being consummated depend entirely on the gullibility of the investment committee of some financial institution. It would appear by the result that all the parties were disappointed. The court properly concluded that the buyers put up nothing, the broker received nothing, and the seller was entitled to nothing.

**Report dismissed.**

HERBERT H. HERSHFANG of Boston
    for the Plaintiff
HERBERT ABRAMS of Boston
    for the Defendant cited the following:

Whether a writing embodies an agreement or serves simply as a memorandum is a question of fact and therefore the finding of the court based upon the evidence is not open to review. Whether the parol evidence rule applies is a preliminary question of fact for the trial court to determine. *Carlo Bianci & Co.* v. *Builders Equipment and Supply Co.,* 347 Mass. 636, 643. *Charles A. Wright, Inc.* v. *F.D. Rich Co.,* 354 F.2nd 710 (1st Cir. 1966). *Hanrihan* v. *Hanrihan,* 342 Mass. 559, 564.

In *Glackin* v. *Bennett,* 226 Mass. 316, the court said, at page 319 "When it is apparent that the writing contains only a part of the agreement and does not purport to set forth all its terms, or when it is a reasonable inference that it is not intended to be a full and final statement of the entire transaction, the existence of a separate agreement, not inconsistent with its terms and relating to some subject on which the written instrument is silent may be shown by parol."