BURKE AND HERBERT BANK AND TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12685. Promulgated June 2, 1948.

*Lionel B. Farr, Esq.*, for the petitioner.
*George J. LeBlanc, Esq.*, for the respondent.

### OPINION.

JOHNSON, *Judge*: The Commissioner determined a deficiency of $3,529.32 in petitioner's excess profits tax for 1942 by adding to excess profits tax net income tax-free interest on bonds of the Home Owners Loan Corporation. Petitioner indicated on its return an election to include tax-free interest in such net income, thereby gaining the right to reflect such bonds in invested capital, and did in fact include other tax-free interest in the net income. It assails the determination on the ground that the election, intended as a relief measure, was indicated without full knowledge of the tax consequences, and is not binding since such consequences are disadvantageous if the additional interest is included. It argues, further, that the omission of the interest is a noncompliance with prescribed conditions, which invalidates the indicated election.

This proceeding was submitted upon a stipulation and exhibits, which we adopt by reference as findings of fact and from which it appears that:

Petitioner, a Virginia corporation is a bank and trust company with principal office at Alexandria, Virginia. It filed its 1942 excess profits tax return, prepared on the basis of cash receipts and disbursements,

with the collector of internal revenue for the district of Virginia, and computed its excess profits credit for 1942 by the method based on invested capital. On its return question (e) was answered thus:

(e) In computing the .excess profits credit under the invested capital method, do you elect to include in excess profits net income interest received on, reduced by the amount of amortizable bond premium under section 125 attributable to, all Government obligations described in section 22 (b) (4) of the Internal Revenue Code? (Answer "yes" or "no") Yes.

In computing excess profits tax net income petitioner added to its normal tax net income $3,300.11 consisting of interest received on state obligations and Federal Land Bank bonds issued prior to March 1, 1941, but did not add to normal tax net income interest of $2,210.79 received on bonds of the Home Owners Loan Corporation, which, like the amounts added, represented interest on obligations described in section 22 (b) (4). The Commissioner added the omitted interest in the amount of $1,547.77 (as reduced by amortizable bond premium) to the excess profits tax net income. In computing its adjusted excess profits tax net income and excess profits tax credit, petitioner did not include among inadmissible assets any amount on account of state obligations or bonds of the Home Owners Loan Corporation or Federal Land Banks.

On its 1942 excess profits tax return petitioner affirmatively indicated an election to include in its normal tax net income amounts of interest (less amortizable premium) which were tax-free under section 22 (b) (4), Internal Revenue Code. By such an election a taxpayer acquires the right to treat the bonds and obligations producing the tax-free interest as "admissible assets" in invested capital, which is used as a factor in arriving at the excess profits credit computed under section 714. This election is granted by section 720 (d), which, petitioner plausibly argues, was intended to afford relief, and should be liberally construed to that end. *Colson Corporation*, 5 T. C. 1035. In computing its tax, petitioner reflected the tax-free bonds and obligations in invested capital, and increased normal tax net income by $3,300.11 representing a part of its tax-free interest on bonds and obligations, but by oversight or error failed to add $1,547.77 ($2,210.79 less amortization) of tax-free interest on other bonds. The Commissioner added it, but the result of the addition on tax was such that petitioner would have benefited by failing to make the election indicated on the return.

Petitioner now contends that the indicated election is not binding and should be disregarded for three reasons, to wit: It was made without full knowledge of the facts; the failure to include all tax-free interest in normal tax net income was a noncompliance with a prescribed condition; and application of the election under the circum-

stances defeats the relief purpose which Congress had in mind, since petitioner must thereby pay more tax than would otherwise be due.

We are of opinion that none of these reasons is valid. Petitioner is chargeable with a knowledge of its income and is required to keep accurate accounts. Sec. 54, Internal Revenue Code. An oversight, an error of judgment, or unawareness of tax consequences does not lessen the binding character of an election, *Riley Inv. Co.* v. *Commissioner*, 311 U. S. 55; *Binder* v. *Welch* (C. C. A., 9th Cir.), 107 Fed. (2d) 812. Petitioner cites *George N. Klemyer*, 20 B. T. A. 934, as to the contrary, but the partnership's information return therein considered was held to have been filed on a fiscal year basis, contrary to the calendar year basis on which its books were kept. The return was held not to "constitute an election to change to a fiscal year," for under the circumstances no election was available.

There is less color for the argument that omission of some tax-free interest defeated the election. Here, as in *Estate of Daniel C. Bleser*, 41 B. T. A. 643; dismissed, C. C. A., 7th Cir., involving section 104 (d) :

\* \* \* There was "a manifestation of choice"; exercise of the option was "shown by an overt act." See *Bierce, Ltd.* v. *Hutchins*, 205 U. S. 340, 346; *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308, 144 N. E. 592, 593; *Snow* v. *Alley*, 156 Mass. 193; 30 N. E. 691, 692. \* \* \*

\* \* \* To place upon respondent \* \* \* the responsibility of discovering at the peril of the revenue whether a return means what it fairly appears to say seems to us to create an unbearable administrative burden. \* \* \* decedent must be held to have exercised an election \* \* \*.

And mere errors in computation are to be corrected within the framework of the election, which, as said in *Zaida Clay*, 40 B. T. A. 562, implies the taxpayer's consent:

\* \* \* to have all necessary and proper adjustments made \* \* \*. \* \* \* Congress did not intend that a taxpayer, desiring to invoke section 351 (d), is to lose the benefit of the section if through reasonable error, he incorrectly computes the adjusted net income of the corporation and reports on his return an amount slightly different from the amount finally determined to be his entire share of the adjusted net income of the corporation. Neither did it intend that the taxpayer, having made the election, should not be bound to accept all proper adjustments. \* \* \*

In *Samuel W. Weis*, 30 B. T. A. 478; remanded on stipulation, 90 Fed. (2d) 1022, on which petitioner relies, the taxpayer failed clearly to manifest any election, and the Board held that "in the absence of such an election the entire amount [of capital gains] must be taxed as ordinary income."

Petitioner's third argument falls before the nature of an election. While enactment of a statutory choice may be prompted by a legislative intent to give relief, the burden of deciding the more advantageous

course rests on the taxpayer, who must suffer the consequences of unforeseen contingencies or errors of judgment in its exercise. *United States* v. *Pettigrew* (C. C. A., 9th Cir.), 81 Fed. (2d) 666; *Johnston-Crews Co.* v. *United States* (E. Dist. S. C.), 38 Fed. (2d) 544. Petitioner cites *Colson Corporation, supra,* as to the contrary, but its holding is that the Commissioner may not force on a taxpayer a disadvantageous election. In this case the Commissioner merely seeks to apply the consequences of an election which petitioner freely and overtly made. We deem that election binding, and approve the adjustments made within its framework.

Reviewed by the Court.

*Decision will be entered for the respondent.*