### FRANK W. KEELER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17036. Promulgated May 5, 1949.

Laurence Graves, Esq., for the petitioner.
Sheldon V. Ekman, Esq., for the respondent.

**OPINION.**

HILL, *Judge*: Petitioner here seeks by a designated "third amended return," filed almost three and a half years after the due date of the return for the taxable year 1942, to withdraw his deduction of a war loss and recompute his tax for that year. Such war loss, which arose through the capture by the Japanese in 1942 of the property of the Philippine Railway Co., in which petitioner held bonds, was deducted by him from his gross income for 1942 after he had requested a ruling from the respondent as to whether he was entitled to do so

under the provisions of section 127, Internal Revenue Code. He adhered to such deductions in two amended returns filed subsequent to his original one. Petitioner raises this issue because if he is allowed to withdraw his election to take the war loss involved he will not be required to report the amount of the recovery of such loss in the year of recovery to the extent required by section 127 (c) of the Internal Revenue Code.

It is our opinion that petitioner's contention is untenable. We believe that, in accordance with section 127 of the Internal Revenue Code, the war loss involved was properly deductible by petitioner in the year 1942. The question he raises is an attempt not merely to arrive at a different computation of his tax for 1942, but also an effort to change the basis on which his computation of tax for a subsequent year will be made. If he is permitted to reopen his taxable year 1942 for the purpose of affecting his tax liability for other years, the result will be a departure from the rule of strict annual accounting and will place an unnecessary obstacle in the orderly administration of our tax laws. We think that, in the interest of the regular and ascertainable flow of revenue, petitioner's election to take the war loss deduction in 1942 must be treated as binding. We so hold. To conclude otherwise, we believe, would be a departure from the principle of *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, in which the Court stated as follows with respect to the scheme of the annual accounting period:

> The rationale of the system is this: It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment and collection capable of practical operation.

The case at bar is also not distinguishable in principle from those involving a question of whether a husband and wife who filed a joint return could, after the due date of the return, recompute their tax on the basis of separate returns. In refusing to allow the taxpayer so to do, the United State Court of Appeals for the Tenth Circuit, in *Champlin* v. *Commissioner*, 78 Fed. (2d) 905, stated that:

> To permit taxpayers to change their minds ad libitum for fifteen years would throw the department into inextricable confusion. The general rule is that where a taxpayer has exercised an option conferred by statute he cannot retroactively and ex parte rescind his action.

See also *Rose* v. *Grant*, 39 Fed. (2d) 340; certiorari denied, 283 U. S. 867; *Bartlett* v. *Delaney*, 75 Fed. Supp. 490; affd., 173 Fed. (2d) 535; *Burke & Herbert Bank & Trust Co.*, 10 T. C. 1007.

It follows that respondent did not err in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*