ALABAMA PIPE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45518. Filed October 21, 1954.

*Percy E. Godbold, Jr., C. P. A.,* for the petitioner.
*Lester R. Uretz, Esq.,* for the respondent.

96

**OPINION.**

JOHNSON, *Judge:* The single question we must decide is whether certain contributions were deductible in 1950. Respondent contends that petitioner made a valid and binding election under section 23 (q), Internal Revenue Code of 1939, to deduct certain accrued charitable contributions in 1949, and cannot thereafter revoke its election. In opposition, petitioner maintains that it did not make a valid election to deduct the contributions in 1949 because it did not conform to Regulations 111, section 29.23 (q)–1, as amended. Further, because

petitioner made the contributions in 1950, it is entitled to the deduction in 1950. The record will not sustain a finding that petitioner's contributions were fixed obligations of an accrual basis taxpayer in 1949, and therefore deductible in 1949 regardless of when paid. Further, neither petitioner nor respondent contends that the contributions were fixed obligations in 1949. The issue arises in this proceeding under the provisions of the Code and regulations, which make mere authorized contributions deductible if certain conditions of the Code and regulations are complied with.

We believe that the chronological order of the events in this proceeding are important enough to be reviewed. Section 23 (q) was amended on October 25, 1949, by the addition of the following:

In the case of a corporation reporting its net income on the accrual basis, at the election of the taxpayer any contribution or gift payment of which is made after the close of the taxable year and on or before the 15th day of the third month following the close of such year shall, for the purposes of this subsection, be considered as paid during such taxable year if, during such year, the board of directors authorized such contribution or gift. Such election shall be made only at the time of the filing of the return for the taxable year, and shall be signified in such manner as the Commissioner, with the approval of the Secretary, shall by regulations prescribe.

On December 30, 1949, at the monthly meeting of petitioner's board of directors, a motion directing the corporation to make certain contributions for the year 1949 was approved. The contributions were made in February 1950. A corporate return for 1949 was filed on or about April 7, 1950, and the contributions were taken as a deduction on that return. No copy of the directors' motion authorizing the contributions was filed with the return, nor was a verification of the directors' authorization filed with the return. Shortly thereafter, on July 19, 1950, the Commissioner amended Regulations 111, section 29.23 (q)–1 by T. D. 5796. The amended regulations are in part as follows:

For taxable years beginning after December 31, 1942, a corporation reporting its net income on the accrual basis may elect to have considered as paid during the taxable year any contribution or gift to organizations described in section 23 (q), with the exceptions hereinbefore described, payment of which contribution or gift is made after the close of the taxable year and on or before the 15th day of the third month following the close of such year if, during such year, the board of directors authorized such contribution or gift. For taxable years beginning after December 31, 1948, such election shall be made only at the time of the filing of the return for the taxable year and shall be signified by reporting such contribution or gift on the return and by attaching to the return a copy of the resolution of the board of directors authorizing such contribution or gift. There shall be attached to such copy of the resolution of the board of directors a written declaration that the resolution of authorization was adopted by the board of directors during the taxable year, and such declaration shall be verified by a statement signed by the president or other principal officer of the corporation that it is made under the penalties of perjury. * * *

In May 1951 petitioner filed an amended 1949 return wherein it did not deduct the contributions in question, and at the same time petitioner filed a 1950 return on which the contributions were deducted. Later, respondent, in determining a deficiency, allowed the contributions as a deduction for 1949 but disallowed them for 1950.

The October 25, 1949, amendment to section 23 (q) liberalized the rule respecting the time for taking a deduction for a charitable contribution when made by a corporation on an accrual basis. At the election of the taxpayer made at the time the return is filed, a contribution may be considered as paid during the taxable year if payment is actually made on or before the 15th day of the 3d month following the close of the taxable year, and if the contribution had been authorized by the board of directors during the taxable year. The legislative intent for the enactment of this amendment was to provide a method whereby corporations could make the maximum charitable contributions allowable as a deduction, even though they experienced difficulty in determining before the end of the taxable year what constituted 5 per cent of their net income. See S. Rept. No. 831, 81st Cong., 1st Sess. (Aug. 3, 1949).

We believe that the results of this proceeding depend upon whether or not petitioner made an election to take the deduction in 1949. An election has been defined as a choice of one of two rights or things, to each of which the party choosing has an equal right, but both of which he cannot have. *Samuel W. Weis*, 30 B. T. A. 478, 488. In an election there must be a manifestation of choice; there must be an exercise of the option by an overt act. See *Estate of Daniel C. Bleser*, 41 B. T. A. 643, 649.

The doctrine of election implies that a taxpayer is given a choice of freely taking one of two courses of action. Once there has been a clear exercise of the option as shown by some overt act the election is binding on the taxpayer. The case at bar is not distinguishable in principle from that involving a question of whether a husband and wife who filed a joint return could, after the due date of the return, recompute their tax on the basis of separate returns. In *Champlin* v. *Commissioner*, 78 F. 2d 905, affirming in part 28 B. T. A. 264, the court held that the taxpayer had exercised an option and could not rescind his action. Nor is the principle in the present case different from that where a taxpayer deducted a certain war loss in 1942 and later by an amended return eliminated the war loss deduction from the earlier year. In *Frank W. Keeler*, 12 T. C. 713, affd. 180 F. 2d 707, the Court treated the taxpayer's election to take the war loss in 1942 as binding.

Returning to the present case, if a taxpayer is to benefit from section 23 (q), in the words of the statute, an "election shall be made only at

the time of the filing of the return for the taxable year." We think that there can be no doubt that petitioner elected to take the $30,000 of additional contributions as a deduction in 1949, and then later attempted to abrogate its election by filing an amended return. The record unequivocally supports this fact. The board of directors authorized the contributions in 1949, and petitioner made the contributions within the statutory period after the close of the taxable year. According to the unrefuted testimony of petitioner's secretary-treasurer, petitioner's board of directors intended that the contributions be deducted in 1949. Further, when the secretary-treasurer prepared the 1949 return, he did everything possible to comply with section 23 (q). These facts prove the election in 1949.

The words of the Court in another election case, *Estate of Daniel C. Bleser, supra,* are fittingly paraphrased here: To place upon respondent the responsibility of discovering at the peril of the revenue whether a return means what it fairly appears to say seems to us to create an unbearable administrative burden; petitioner must be held to have exercised an election to take the deduction in 1949. See *Burke & Herbert Bank & Trust Co.,* 10 T. C. 1007.

Petitioner's argument, that it is not entitled to a deduction in 1949 because it did comply with the amendment to the regulations as promulgated in 1950, has been given careful consideration. We are of the opinion that petitioner compiled with the provisions of the Code. It appears that respondent is satisfied that petitioner properly authorized the contributions, and then paid them within the period prescribed by law. Our holding in this case is in conformity with that in *Faucette Co.,* 17 T. C. 187, wherein the respondent made an argument similar to that petitioner has presented.

Reviewed by the Court.

*Decision will be entered for the respondent.*