AARON COHEN AND CLAIRE COHEN, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1291-73—1294-73.    Filed February 3, 1975.

*Jack N. Honart,* for the petitioners.
*Lyndon J. Parker,* for the respondent.

[1] Cases of the following petitioners are consolidated herewith: Jeremiah Duggan and Sheila Duggan, docket No. 1292-73; Samuel E. Rubinson and Hilda C. Rubinson, docket No. 1293-73; and Rucind, Inc., docket No. 1294-73.

STERRETT, *Judge:* The respondent determined deficiencies in the Federal income taxes of petitioners as follows:

| Petitioners | Year | Amount |
|---|---|---|
| Aaron Cohen and Claire Cohen _____ | 1969 | $21,637.74 |
| Jeremiah Duggan and Sheila Duggan_____ | 1969 | 54,919.25 |
| Samuel E. Rubinson and Hilda C. Rubinson _____ | 1969 | 33,586.65 |
| Rucind, Inc. _____ | 2/1/69 to 10/3/69 | 80,909.48 |

Certain issues having not been raised in the petitions, the issues to be decided are: (1) Whether the sale of the tract of land in question was made for tax purposes by Rucind, Inc., and, if so, (2) whether elections under section 333, I.R.C. 1954,[2] made by the stockholders of Rucind, Inc., were binding and irrevocable with the consequences that the gain on the sale of the property must be recognized by Rucind, Inc., thereby increasing the earnings and profits of Rucind, Inc., and accordingly causing the stockholders to be in receipt of dividend income pursuant to section 333(e).

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioners Aaron Cohen and Claire Cohen, husband and wife, Jeremiah Duggan and Sheila Duggan, husband and wife, and Samuel E. Rubinson and Hilda C. Rubinson, husband and wife, maintained their legal residences in New York, N. Y., Fort Lee, N. J., and Englewood, N. J., respectively, at the time of their filings of the petitions herein. The above-mentioned petitioners filed their respective joint Federal income tax returns for the calendar year 1969 with the district director of internal revenue at Newark, N. J.

Petitioner Rucind, Inc., is a corporation organized under the laws of the State of New Jersey with its principal office in Englewood, N. J. It filed its Federal corporate income tax return for its short fiscal year February 1, 1969, to October 3, 1969, with the district director of internal revenue at Newark, N. J.

---

[2] All statutory references are to the Internal Revenue Code of 1954, as amended and as applicable to the taxable year involved, unless otherwise indicated.

Rucind, Inc., was incorporated on January 13, 1960. Its outstanding stock at all times relevant herein consisted of 120 shares which were held as follows:

| Stockholder | Number of shares | Stockholder | Number of shares |
|---|---|---|---|
| Aaron Cohen | 20 | Hilda C. Rubinson | 20 |
| Sheila Duggan | 55 | Sabina Schwind | 5 |
| Samuel E. Rubinson | 20 | | |

The above number of shares were issued to the stockholders for a total consideration of $6,000.

Shortly after its formation, Rucind, Inc., purchased a tract of undeveloped land in the borough of Norwood located in Bergen County, N. J. (hereinafter sometimes referred to as the Norwood property). This property was Rucind, Inc.'s sole asset throughout its existence.

On February 18, 1969, Rucind, Inc., entered into a contract for the sale of its Norwood property with one John E. Purcell for a total consideration of $440,000. Negotiations leading to the execution of this contract of sale began sometime in 1968.

At a meeting on October 1, 1969, all the stockholders and directors of Rucind, Inc., adopted a resolution on behalf of Rucind, Inc., to liquidate the corporation pursuant to the provisions of section 333. Advice of counsel regarding tax consequences was received by the corporation and by some of the stockholders. The corporation then filed Form 966 notifying the respondent of its adoption of a plan of liquidation. Properly executed Forms 964 (Election of Shareholder Under Section 333 Liquidations) were transmitted to the respondent within the 30-day period required by section 333(d).

On October 3, 1969, Rucind, Inc., executed a document which purportedly transferred title to the Norwood property, its sole asset, to the stockholders of Rucind, Inc., as tenants in common with each stockholder's undivided interest in said land being based upon his percentage of stock ownership in Rucind, Inc.

On October 7, 1969, the stockholders of Rucind, Inc., executed documents purportedly transferring title to the Norwood property to John E. Purcell and/or his assignee in accordance with the February 18, 1969, contract of sale.

The four stockholders of Rucind, Inc., who are petitioners herein reported the liquidation of Rucind, Inc., and the sale of the Norwood property in some manner on their respective 1969

income tax returns. Petitioners Aaron and Claire Cohen reported the aforementioned transactions as a sale on the installment basis of a one-sixth interest in Rucind, Inc. Petitioners Jeremiah and Sheila Duggan reported the sale of the Norwood property as a sale of "Land (Rucind, Inc.)" and used the installment basis to report the gain includable on their 1969 Federal income tax return. Petitioners Samuel E. and Hilda C. Rubinson also reported the sale on the installment basis and referred to the property sold as a "Stock Interest in Parcel of Land—Rucind, Inc." on their 1969 Federal income tax return.

On its Federal corporate income tax return for the short fiscal year February 1, 1969, to October 3, 1969, Rucind, Inc., reported the sale of and gain on the Norwood property but did not include such gain in taxable income on the basis that it liquidated under the provisions of section 333.

In his notices of deficiency to the individual petitioners herein, the respondent determined that the proceeds of the liquidation of Rucind, Inc., were taxable to them under the provisions of section 333(e) with the result that their ratable shares of the earnings and profits of Rucind, Inc. (which he apparently concluded equaled or were exceeded by each stockholder's gain on the liquidation), were reportable as dividend income. In his notice of deficiency to Rucind, Inc., the respondent determined that the corporation failed to include as taxable income the long-term capital gain of $294,216.27 derived from its sale of the Norwood property.[3]

---

[3] Respondent determined the gain on sale of the Norwood property as follows:

| | | |
|---|---|---|
| Selling price | | $440,000.00 |
| Less: Adjusted basis | | |
| Cost | $102,343.73 | |
| Fees | 3,440.00 | |
| Commission | 40,000.00 | 145,783.73 |
| | | 294,216.27 |

Respondent then apparently calculated Rucind, Inc.'s accumulated earnings and profits by starting with a zero balance and including this $294,216.27 gain along with $565.03 unreported interest income and deducting therefrom taxes due of $80,909.48 on account of the sale and other taxes of $5,951.10 for which a deduction was allowable. Each petitioner's ratable share of the resulting earnings and profits figure of $207,920.72 was then determined and treated as dividend income by respondent as follows:

| | |
|---|---|
| Aaron Cohen | $34,660.38 |
| Sheila Duggan | 95,290.06 |
| Samuel E. and Hilda C. Rubinson | 69,299.98 |

OPINION

The issues which we must decide in the instant cases are whether the sale of the tract of land in question was made for tax purposes by Rucind, Inc., and, if so, whether Rucind, Inc.'s stockholders can revoke or avoid an election made under section 333 with the results that they will not receive dividend treatment under section 333(e) on their respective ratable shares of earnings and profits not exceeding their gains and that Rucind, Inc., will not recognize gain on the sale of its Norwood property under section 337. The petitioners originally sought to avail themselves of the provisions of section 333 since that section would, assuming that Rucind, Inc., had no earnings and profits, allow petitioners to receive the Norwood property without the imposition of any Federal income tax.

On February 18, 1969, by a contract of sale, Rucind, Inc., agreed to sell its Norwood property, its sole asset, to one John E. Purcell. On October 1, 1969, all the stockholders and directors of Rucind, Inc., adopted a plan of complete liquidation pursuant to section 333. The corporation then filed Form 966 and all the stockholders filed Forms 964. On October 3, 1969, title to the Norwood property was transferred to the stockholders of Rucind, Inc., and on October 7, 1969, the stockholders closed the sale of the property to John E. Purcell under the above-mentioned contract of sale.

In their petitions and on brief, petitioners state that the sale of the Norwood property was made by the stockholders and not by the corporation. However, they have presented no argument on brief to support these statements nor was any evidence presented at trial from which we could conclude that the stockholders in fact negotiated and made the sale on their own behalf rather than on the corporation's behalf. We think the instant cases are controlled by *Commissioner v. Court Holding Co.*, 324 U.S. 331 (1945). In fact, the result of that case is more strongly mandated in the instant situation since here Rucind, Inc., executed a written contract of sale with the ultimate purchaser which was binding under New Jersey law. N.J. Rev. Stat. sec. 25:1-5 (1937).

Since the sale in question was made by Rucind, Inc., that corporation must recognize the gain thereon unless its liquidation comes within the provisions of section 337. However, the relief provided in section 337 is not available if section 333 is

applicable to the liquidation of Rucind, Inc. Sec. 337(c)(1)(B). Furthermore, the applicability of section 333 would cause any recognized gain generated by the sale to increase Rucind, Inc.'s earnings and profits, section 312(f)(1), sections 1.312-6(b) and 1.312-7(b)(1), Income Tax Regs., with the result that Rucind, Inc.'s stockholders must recognize and treat as dividend income so much of their respective gains as are not in excess of their respective ratable shares of earnings and profits.

The question we must now decide is whether Rucind, Inc.'s stockholders (at least those who are petitioners herein) can revoke their admittedly valid and procedurally proper section 333 elections. Section 1.333-2(b)(1), Income Tax Regs., provides that elections made under section 333 cannot be withdrawn or revoked except in the case of a conditional election pursuant to section 333(g)(4) (which is not applicable here). This regulation has been held to be valid and has been interpreted to mean that an election under section 333 cannot be revoked as a matter of right. *Estate of Lewis B. Meyer*, 15 T.C. 850, 867 (1950), affirmed on this point and reversed on other grounds 200 F. 2d 592 (C.A. 5, 1952). However, this regulation is not without judicial exception. In *Meyer's Estate v. Commissioner*, 200 F. 2d 592 (C.A. 5, 1952), reversing 15 T.C. 850 (1950), it was held that an election under the predecessor of section 333 made in reliance upon a material mistake of fact could be revoked.

Petitioners here attempt to come within the exception provided by *Meyer's Estate v. Commissioner, supra,* and assert that in making their elections they relied upon an erroneous low or zero earnings and profits figure. They argue, in continuum, that at the time the election was made there was no corporate surplus and only the subsequent action of respondent created the surplus.

We disagree. In our view at the time the election was made the corporation had committed its sole asset for sale, a fact indisputably known to the petitioners in their shareholder capacity. That the property was being sold at a substantial gain was also known to petitioners. If the petitioners were of the opinion that this gain would not be taxed to the corporation, then their opinion was premised in a mistake of law, pure and simple.

The petitioners had all the basic facts (i.e., the contract of sale executed by Rucind, Inc., the liquidation, the section 333 election, and the closing of the sale by the stockholders) fresh in

their minds and before them. The mistake here is that they did not apply the proper law to or were ignorant of the correct legal effect of these facts (i.e., that *Commissioner v. Court Holding Co., supra,* rather than section 337 is applicable if section 333 is elected). It is clear that such a mistake on petitioners' part does not allow revocation of an election under the Code. In *Estate of George Stamos,* 55 T.C. 468, 474 (1970), we said:

Oversight, poor judgment, ignorance of the law, misunderstanding of the law, unawareness of the tax consequences of making an election, miscalculation, and unexpected subsequent events have all been held insufficient to mitigate the binding effect of elections made under a variety of provisions of the Code. * * *

Petitioners' reliance upon *Meyer's Estate v. Commissioner, supra,* is misplaced for there the court said there was a mistake of fact. Further that court appeared to be particularly impressed by two factors which are not present here: (1) The passing of 15 years between the erroneously treated transaction and the election to liquidate under the predecessor of section 333, and (2) a stipulation by the parties that the taxpayers there relied on the earnings and profits figure on the corporation's books.[4]

We think the facts of the instant cases are analogous to those of *Raymond v. United States,* 269 F. 2d 181 (C.A. 6, 1959). There a corporation improperly amortized goodwill, thus reducing earnings and profits to zero. The respondent determined that the correct earnings and profits figure was $49,898.20 and the taxpayers then tried to revoke their section 333 elections on the basis of reliance upon a material mistake of fact, i.e., an erroneous earnings and profits figure. The court (pp. 183-184) agreed with the trial judge that the taxpayers had "full knowledge of all the facts with respect to the amortization of the goodwill account and all other facts relating to the liquidation" and "that if any mistake had occurred it was on the part of counsel and the accountant and constituted a mistake of law, for which a revocation was not allowable." See also *Frank T. Shull,* 30 T.C. 821 (1958), affirmed on this issue 271 F. 2d 447 (C.A. 4, 1959).

---

[4] We also note that here, unlike *Meyer's Estate v. Commissioner,* 200 F. 2d 592, 597 fn. 9 (C.A. 5, 1952), there is no evidence that timely amendments to petitioners' elections were filed. In *Estate of E. P. Lamberth,* 31 T.C. 302, 313 (1958), involving the election of the installment method of reporting, we said in distinguishing *Meyer's Estate:* "and secondly, that in *Meyer's Estate, supra,* there could be no unfair burden placed on the administration of the revenue laws [by the revocation] because the taxpayers had filed timely amended returns revoking their election."

Petitioners' other arguments to the effect that the section 333 election, being a relief provision, must be applied to facts as they existed at the time of the liquidation and election (i.e., that at the time of liquidation of Rucind, Inc., the sale had not been completed and consequently Rucind, Inc.'s earnings and profits were not subject to being increased), that a liquidation under section 337 was dictated under the circumstances except for a mistake of law and fact, and that a plan of liquidation was adopted and carried out in conformity with section 337 with the result that that section controls (which argument ignores section 337(c)(1)(B)) are without merit. We do note, however, that in *Burke & Herbert Bank & Trust Co.*, 10 T.C. 1007, 1009-1010 (1948), we stated:

While enactment of a statutory choice may be prompted by a legislative intent to give relief, the burden of deciding the more advantageous course rests on the taxpayer, who must suffer the consequences of unforeseen contingencies or errors of judgment in its exercise. * * *

We conclude that petitioners are not entitled to revoke their section 333 elections.

*Decisions will be entered for the respondent.*