WILLIAM C. BLAKELY AND BETTIE BLAKELY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blakely v. Commissioner
Docket Nos. 4078-80, 5494-80.
United States Tax Court
T.C. Memo 1982-745; 1982 Tax Ct. Memo LEXIS 3; 45 T.C.M. (CCH) 437; T.C.M. (RIA) 82745; December 30, 1982. *3 Petitioner is a duly ordained minister in Louisiana. He was initially licensed as a local preacher on August 30, 1954. Respondent placed in evidence a Form 2031 bearing the name and social security number of petitioner which was filed on February 16, 1957. Held, petitioner signed and filed the Form 2031 and thereby made a knowing and irrevocable election to be covered by Title II of the Social Security Act. Accordingly, petitioner is liable for self-employment taxes for the years in issue. Fred W. Schwendimann, III, for the petitioners. A. Albert Ajubita, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In these consolidated cases, respondent *4 determined deficiencies in petitioners' Federal income taxes as follows: Docket
Taxable year
No.
Petitioner
ended Dec. 31,
Deficiency
4078-80
William C. Blakely
1976
$1,010.88
and Bettie Blakely
5494-80
William C. Blakely
1977
1,129.07
and Bettie Blakely
1978
[1] 1,337.31
The issues for decision are: (1) whether petitioner executed and filed with the Internal Revenue Service a Form 2031, whereby he irrevocably elected under section 1402(e), I.R.C. 1954, to have his income derived from services performed by him as a licensed minister subjected to self-employment taxes; and (2) whether, assuming such election was made, the election is effective and binding upon petitioner for the years in question. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners William C. Blakely and his wife, Bettie Blakely, resided in Metarie, *5 Louisiana at the time of filing the petition herein. They filed joint Federal income tax returns for the taxable years 1976 through 1978 with the Internal Revenue Service Center, Austin, Texas. Mrs. Blakely is a party to this proceeding solely by virtue of her having filed jointly, during the years in questioin, with Mr. Blakely (hereinafter petitioner). Petitioner is a duly ordained minister of the United Methodist Church and presently serves in the capacity of District Superintendent of the New Orleans-Houma District of the United Methodist Church in Louisiana. He was initially licensed as a local preacher of the Methodist Church on August 30, 1954. He was ordained as a deacon on May 30, 1957, and as an elder on May 28, 1959. Respondent placed in evidence a Waiver Certificate for Use by Ministers (Form 2031) bearing the name and social security number of petitioner. The form was filed on February 16, 1957 and stated that it was effective beginning with the taxable year January 1956. [2] The original of this certificate was retained among the records of the Internal Revenue Service and bears what appears to be petitioner's signature. Petitioner was approximately 22 or 23 *6 years old at the time the form was filed. He does not remember having filed such certificate. For the taxable year 1956, the Internal Revenue Service received a *7 U.S. Report of Self-Employment Income bearing petitioner's name and indicating that petitioner had received self-employment income of $606.17 as a result of rendering services as a minister. For 1957, the Internal Revenue Service received a U.S. Report of Self-Employment Income bearing petitioner's name and indicating that petitioner had received self-employment income of $937.29 as a result of rendering services as a minister. Since 1957, petitioner has not reported his income derived from his ministry for purposes of the self-employment tax. On March 10, 1978, petitioner filed an Application for Exemption from Self-Employment Tax for Use by Ministers (Form 4361) in which he stated that he has consistently been opposed to government insurance. In his statutory notices, respondent determined that petitioner had elected, in 1957, to have the insurance system established by Title II of the Social Security Act extended to services performed by him as a minister, and therefore that petitioner was liable for self-employment taxes for the years in question. OPINION The first issue we must decide is whether petitioner signed the Form 2031 that was filed in his name on February 16, 1957. *8 Petitioner bears the burden of proof on this factual issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Respondent introduced the analysis of a handwriting expert who concluded, based on numerous samples provided by petitioner, that the Form 2031 did, in fact, bear petitioner's signature. After evaluating the expert's resort and comparing the signatures therein with the signature on the Form 2031, we believe, and thus hold, that petitioner did sign the form and that he filed it with the Internal Revenue Service in 1957. Petitioner's failure to recall such filing is understandable, given the fact that it occurred some 25 years ago. Petitioner contends that, even if it is found that he filed the Form 2031 in 1957, it should be given no effect since such filing was due to a material mistake of fact. He asserts that he never intended for his services performed as a minister to be covered by the insurance system established by the Social Security Act. The facts lend little support to this assertion. The language on the Form 2031 is exceedingly clear and unambiguous. We do not believe that a man of petitioner's *9 learning and intelligence could have read the form to have an effect exactly opposite to that for which it clearly provides. Moreover, information returns were filed with respect to petitioner's self-employment income derived from his performance of services as a minister for the year during which the election initially took effect and for the subsequent year. Although petitioner could not remember having filed such forms, he was unable to offer any explanation as to who else might have filed them. Accordingly, we find that petitioner acted in a consistent manner with his Form 2031 election during the immediate period following the filing of the form. Thus, we conclude that petitioner made a knowing election to be covered by Title II of the Social Security Act by filing the Form 2031 in 1957. During 1956 and 1957, an election by a minister to be covered by Social Security was governed by section 1402(e), since amended. [3]Section 1.1402(e)-1(d)(4), Income Tax Regs., provided that "An election which has become effective in accordance with the provisions of this section is irrevocable." The irrevocable nature of the election also clearly was indicated on the Form 2031. *10 Once an election has affirmatively been made, it cannot be rescinded on the ground that the party making the election exercised poor judgment or failed to comprehend the legal consequences of his act.Unexpected subsequent events and a later change of mind will not be grounds for relief from the binding effect of an election. Cohen v. Commissioner,63 T.C. 527, 533 (1975), affd. by unpublished order (3d Cir., Mar. 2, 1976); Estate of Stamos v. Commissioner,55 T.C. 468, 474 (1970). To hold otherwise would create "burdensome uncertainties upon the administration of the revenue laws." Pacific National Co. v. Welch,304 U.S. 191, 194 (1938). Based upon the testimony of the witnesses and the documents submitted, we hold that petitioner filed the Form 2031 in 1957, that he knowingly elected for his services as a minister to be covered by Title II of the Social Security Act, and that such election is binding upon petitioner for the years in issue. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. With respect to docket No. 4078-80, the notice of deficiency was dated December 26, 1979. With respect to docket No. 5494-80, the notice of deficiency was dated March 20, 1980.↩
2. The waiver certificate reads as follows: I hereby elect under section 1402(e) of the Internal Revenue Code↩ to have the insurance system established by Title II of the Social Security Act extended to any service performed by me as a duly ordained, commissioned, or licensed minister of a church in the exercise of my ministry, as a member of a religious order (who, as a member of such order, has not taken a vow of poverty) in the exercise of duties required by such order, or in the exercise of my profession as a Christian Science Practitioner. I desire this election to be effective beginning with the taxable year shown in Item 5. I understand that as a result of this election I will be subject to tax as a self-employed person in accordance with the provisions of Chapter 2 of Subtitle A of the Internal Revenue Code with respect to self-employment income derived from such service for such taxable year and each taxable year thereafter. I further understand that this election is IRREVOCABLE.
3. In 1967 sec. 1402(e) was amended by sec. 115(b)(2) of Pub. L. 90-248, Jan. 2, 1968, 81 Stat. 839, effective only with respect to taxable years ending after 1967, to subject ministers to the tax on self-employment income unless they affirmatively elected out of such coverage. This provision was in contrast to prior law in effect during 1956 and 1957 which required ministers to elect into the system. Sec. 1402(e)(1)↩, as now in effect and as in effect for the years in issue, provides, however that "an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967." Thus, if we find that petitioner made an effective and binding election in 1957, he is subject to the self-employment tax for the years in issue.